# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:08-CR-77-SDJ-CAN |
| | § | |
| VICTOR HUMBERTO ARAGUZ-RAMIREZ (1) | § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant Victor Humberto Araguz-Ramirez's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on November 1, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Mike Pannitto of the Federal Public Defenders Office. The Government was represented by Assistant United States Attorney Tracey Batson.

Defendant was sentenced on September 4, 2008, before The Honorable U.S. District Judge Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Reentry of a Deported Alien, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Defendant was subsequently sentenced to 96 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include as a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Naturalization Act, 8 U.S.C. 1101, et seq. If ordered deported,

the defendant shall remain outside the United States. In the event the defendant is not deported, or for any reason re-enters the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest U.S. Probation Office within 72 hours of release by immigration officials or re-entry into the country; substance abuse testing and treatment; and a $100 special assessment. On August 19, 2016, he completed his period of imprisonment and began service of the supervision term. He was deported to Mexico on or about August 26, 2016. This case was transferred to U.S. District Judge Sean D. Jordan on July 30, 2021.

On August 12, 2021, the United States Probation Officer executed a Second Amended Petition for Warrant or Summons for Offender Under Supervision [Dkt. 43, Sealed]. The Second Amended Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) The defendant shall not commit another federal, state, or local crime; (2) The defendant shall not commit another federal, state, or local crime; and (3) As a condition of supervised release, immediately upon release from confinement, the defendant shall be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq. If ordered deported, the defendant shall remain outside of the United States. In the event the defendant are not deported, or for any reason re-enter the country after having been deported, the defendant shall comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country [Dkt. 43 at 1-3, Sealed].

The Second Amended Petition alleges that Defendant committed the following acts: (1) On November 16, 2017, Defendant was arrested by the Department of Public Safety (DPS) in

Brownsville, Texas, for the felony offense of Tamper W/Government Record Defraud/Harm. On June 24, 2019, he pled to the lesser included offense of Tampering with Governmental Records, Class "A" Misdemeanor under Docket No. 2018-DCR-625-A, in the 107th District Court of Cameron County, Texas, and he was subsequently sentenced to 60 days county jail with credit for time served. On November 16, 2017, Defendant was arrested by DPS in Brownsville, Texas, for the offenses of Failure to ID, Use Illegal License/Certificate, and Driving While License Invalid with Previous Conviction/Suspended Without Financial Responsibility. A Fail To Appear warrant was issued on March 28, 2018, as he did not appear in court on the same date. The warrant was served on April 23, 2019. All charges were dismissed on August 7, 2019, in the interest of justice, under Docket No. 18-CCR-00648, Docket No. 18-CCR-00649 and Docket No. 18-CCR-00650 in Cameron County Court at Law 1. On or prior to November 16, 2017, he committed the offense of Re-entry of a Deported Alien in violation of Title 8 U.S.C. § 1326(a) & (b)(1), as he was deported to Mexico on or about August 26, 2016, and he did not have legal permission to reenter or be in the United States on or about the date noted above. No formal arrest or charges have been made as of this writing; (2) On June 18, 2021, Defendant was arrested by the Brownsville, Texas Police Department for the offense of Aggravated Assault. According to the offense report, an officer was dispatched to a call referencing someone with a gun. The complainant called advising a male subject pointed a gun at him and left the location. Upon arrival, the complainant told the officer that Defendant and he were involved in an argument involving a parking space. He identified Defendant as the maintenance man. After the argument, Defendant left but then returned and parked next to him while the complainant was unloading his vehicle with groceries. Defendant then proceeded to exit his vehicle and walk towards him. He had a firearm next to his body. The officer talked to the complainant's wife who was also present, and she verified the information.

The officer also went to a nearby grocery store to view video of the encounter. Upon arrival at the store, Defendant was also there. The officer talked to him and he admitted to the argument. He was detained for safety purposes. The woman behind the counter at the store told the officer that the complainant had called her and advised her about the incident. The woman was identified as the renter of the property. Her daughter told the officer the camera system was not working. The officer also spoke with another witness and he also verified the information provided by the complainant. As such, Defendant was arrested for the offense noted above. A weapon was not located in his vehicle. Defendant bonded out on June 18, 2021 on a $20,000 bond. No formal charges have been filed; and (3) Defendant was deported to Mexico on or about August 26, 2016. As evidenced by the recent law enforcement activity noted above, he returned to the United States unlawfully, failed to remain outside the United States, and did not report to the U.S. Probation Office upon his return [Dkt. 43 at 1-3, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of allegations 1 and 3 of the Second Amended Petition. The Government dismissed allegation 2. Having considered the Second Amended Petition and the plea of true to allegations 1 and 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 56; 57].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of twenty-four (24) months, with a term of supervised release of twelve (12) months to follow.

The Court further recommends the imposition of the following special conditions: (1) You must provide the probation officer with access to any requested financial information for purposes of monitoring defendant's sources of income; (2) You must participate in a program of testing and treatment for drug abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing; and (3) As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101, et seq.  If ordered deported, you must remain outside of the United States.  In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate.

**SIGNED this 8th day of November, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE